Filed 8/8/23  P. v. Meadows CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078510 |
| v. | (Super.Ct.No. RIF1804373) |
| WILLIE LEE MEADOWS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshua Andrew Knight, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General for Plaintiff and Respondent.

1

Defendant and appellant, Willie Lee Meadows, is the biological father of C.M. and M.M., he was a father figure to A.W., and had lived in the same home as J.H. In December 2021, a jury convicted him of a total of 21 child sex offenses on the four children when they were under the age of 14, including four counts of committing lewd and lascivious acts on C.M. On appeal, defendant contends that two of the convictions for offenses against C.M. must be dismissed because the statute of limitations had run. We will affirm.

## BACKGROUND

Defendant began abusing C.M. in 1992, when she was nine years old, and did not stop until 1996, when she was around 13 years old. At least three times a year for a total of 20 to 30 incidents, he would come into her bed at night, touch her bottom and breasts, insert his fingers into her vagina, and use her hand to masturbate himself until he ejaculated. Once, in 1994 or 1995, when C.M. was 11 or 12 years old, defendant pushed his penis against her vagina in an attempt to insert it for about 10 minutes until he ejaculated.

C.M. reported the abuse to the police in March 2018. In October 2018, a felony complaint was filed and an arrest warrant was issued.

C.M. was not defendant's only victim. Between 1997 and 2013, he also repeatedly sexually abused three other children under the age of 14 years: M.M. (from 1997-2000, beginning when she was eight years old); A.W. (from 2001-2013,

2

beginning when she was between the ages of two and five years old); and J.H. (from 2006-2012, beginning when she was 11 or 12 years old).

In November 2021, the People filed a second amended information charging defendant with 23 child sex offenses, including four counts of committing lewd and lascivious acts upon C.M. in violation of subdivision (a) of Penal Code section 288.[1] Each of the four counts as to C.M. recited that defendant committed the offenses "on or about 4/20/1992 through and including 4/19/1997."

## DISCUSSION

Defendant's sole argument on appeal is the statute of limitations had run on two of the four charges of committing lewd and lascivious acts upon C.M. in violation of subdivision (a) of section 288.

There are two potential statutes of limitations governing prosecution of lewd and lascivious acts upon a child under the age of 14 in the circumstances presented here. One relies on the one strike provision in section 667.61, applicable when defendant's conduct involved more than one victim. The other is set forth in subdivision (f) of section 803, which permits prosecution in specified classes of cases, even if the general statute of limitations has run. Defendant claims neither statute applies here. We will find the commencement of prosecution was timely under the one strike provision and, even if that provision was not applicable, the People could have proceeded under section 803.

---

[1] All references to statutes herein are to the Penal Code.

3

*The prosecution of the acts upon C.M. was timely under section 799 because the one strike law applies here*

Subdivision (a) of section 799 provides in relevant part that prosecution for an offense punishable by imprisonment for life in a state prison may be commenced at any time. An offense is deemed punishable by imprisonment for life if that is the maximum penalty prescribed by statute for the offense, regardless of the punishment actually sought or imposed. (§ 805, subd. (a).) Section 667.61 sets forth the one strike law, which became effective November 30, 1994. It states in relevant part that the punishment for a defendant convicted of performing a lewd act in violation of subdivision (a) of section 288 on more than one victim is imprisonment in a state prison for 25 years to life. (§ 667.61, subds. (b), (c)(8), (e)(4).)

Here, defendant was charged with committing ongoing lewd and lascivious acts upon C.M. and three other children under the age of 14 years old in violation of subdivision (a) of section 288. Because his lewd conduct involved more than one child, the maximum penalty for defendant's conduct involving C.M. is 25 years to life, which brings the charges against defendant within the provision of subdivision (a) of section 799 permitting commencement of prosecution "at any time."

Defendant claims that two counts involving C.M. took place in 1992 and should, therefore, be dismissed because they occurred before the one strike law's effective date. The record does not support the premise that two of the charges were limited to acts taking place in 1992. All four counts concerning C.M. specified the

4

offenses took place on or about April 20, 1992, through and including April 19, 1997. C.M.'s testimony made clear defendant subjected her to those acts not only in 1992 but in each of the four subsequent years. She stated he molested her 20 to 30 times over the years and described at least four lewd and lascivious acts that took place between April 1995 and April 1996.

*The prosecution of the acts upon C.M. would have been timely under the extended general statute of limitations*

Contrary to defendant's claim, even if defendant had not committed lewd acts upon multiple victims, the prosecution of the charges against defendant involving his offenses against C.M. was timely.

During the years that defendant was committing lewd acts upon C.M. and continuing to the present, the punishment for committing lewd and lascivious acts upon a child under age 14 in violation of subdivision (a) of section 288 carried an upper term of eight years in state prison, and the general statute of limitations for a violation of an offense punishable by an eight-year prison term was six years. (§§ 288, subd. (a), 800.)

As relevant here, effective January 1, 1994, the six-year limitation for lewd and lascivious act offenses is extended if a criminal complaint is filed within one year of a report to a California law enforcement agency by a person of any age alleging that person was a victim of a crime described in section 288 so long as the following requirements are met: (i) the limitation period specified in section 800 has expired,

5

(ii) the crime involved substantial sexual conduct as described in subdivision (b) of section 1203.066 (excluding masturbation that is not mutual); and (iii) there is independent evidence that clearly and convincingly corroborates the victim's allegation.  (§ 803, subd. (f)(2), formerly subd. (g).)

Defendant acknowledges that when C.M. reported his conduct to the police in 2018, the general statute of limitations set forth in section 800 had expired.  He also concedes the independent evidence requirement was met.  He posits, however, that the requirements of section 803 were not met as to defendant's "1992 offenses" because the record establishes he only touched C.M.'s breasts and buttocks in 1992, which is not substantial sexual conduct within the meaning of subdivision (b) of section 1203.066.

We are not persuaded.  As we noted *ante*, there is nothing in the language of any of the four charges against defendant for his conduct upon C.M. that limits two of them to his conduct in 1992.  Moreover, C.M. testified that during that year, defendant used her hand to masturbate himself and put his fingers in her vagina.  Those acts come within the definition of substantial sexual conduct set forth in section 1203.066, subdivision (b), which includes penetrating the vagina of the victim with a penis or any foreign object, and masturbation of either the victim or the offender.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

FIELDS

J.

MENETREZ

J.

7